CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 08 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN PHILLIP MARTIN, | ) | CASE NO. 7:13CV00362 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| TIM TRENT, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

John Phillip Martin, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that law enforcement officials deprived him of the opportunity to bring criminal charges against an inmate who assaulted him and housed him under unconstitutional conditions. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Martin alleges the following events on which he bases his claims. While Martin was incarcerated at the Halifax Adult Detention Center of the Blue Ridge Regional Jail Authority, another inmate, Daniel Short, assaulted him, causing an injury that required stitches. Martin alleges that after he asked to press charges against Short, officials transferred him to different a jail facility. He and his family have asked the Halifax County Sheriff's Department to investigate the matter, but officers from this facility have refused to do so "for fear of conflict of interest with current charges alleged against" Martin. (Compl. 4.). Jail officials also notified the magistrate, who advised Martin that the state police would have to investigate. When Martin filed a criminal warrant, the magistrate found that the circumstances Martin described did not support a finding of probable cause to support a criminal charge. (ECF No. 13, at 8.)

In addition to his complaint about not having his criminal charge investigated, Martin alleges the following unrelated "Claims":

1. The BRRJA has discriminated against Martin, a pretrial detainee, by confining him in a maximum security status since October 24, 2011;

2. Because of his security status, Martin has been restricted to his cell 23 hours per day, with only rare opportunities to telephone his lawyer and family during business hours;

3. Halifax County Sheriff's department staff entered Martin's wife's residence without a warrant when she was not at home, and when she returned, she found the contents of the home had been ransacked;

4. Halifax County Sheriff's Deputy Tommy Spencer verbally threatened to shoot Martin in the head if he "beat these charges";

5. After Martin got an item of outgoing mail approved by Lt. Mitchell, Martin "was denied" by Lt. Walker policy, who has harassed Martin since he named her husband as a defendant in a lawsuit; and

6. On July 25, 2013, Officer Brogan denied Martin recreation time.

Martin sues the following defendants: Tim Trent, the Blue Ridge Regional Jail, and the Halifax County Sheriff's Department. As relief in this action, Martin seeks monetary relief.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Section 1983 "is designed to provide a comprehensive remedy for the deprivation of constitutional rights." Smith v. Hampton Training Sch. for Nurses, 360 F.2d 577, 581 (4th Cir. 1966). To state

a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.[1] West v. Atkins, 487 U.S. 42 (1988).

Martin's complaint does not provide a clear, chronological statement of the facts on which he bases any of his claims. Nor does he state facts concerning the conduct or policies on which each defendant could be held liable under § 1983. Therefore, Martin fails to state a claim against any of the defendants he has named in the heading of his complaint. West, supra. In any event, from liberal construction of the brief factual statements he offers and the other documents he submits, the court is satisfied that none of his concerns rises to constitutional proportions so as to state an actionable claim under § 1983 against anyone.

Martin's primary complaint concerns his desire to bring a criminal charge against Inmate Short for assaulting him. His submissions clearly indicate, however, that he has been able to communicate to a magistrate his desire to bring a charge against Short. Thus, he has not been denied access to the court. Moreover, he does not have a constitutional right to have the charge actually investigated or prosecuted. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (finding individual has no constitutional right regarding criminal prosecution or non-prosecution of another person); Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981) (finding that inmates had no constitutional claim based on magistrate's refusal to issue requested criminal warrant charging guards with assault). Therefore, the court concludes that Martin's claims regarding his

---

[1] Martin does not state facts clearly establishing that any of the defendants he has named qualifies as a "person" subject to suit under § 1983. See, e.g., Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)).

inability to have Short prosecuted must be summarily dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.

Martin's other claims also fail under the applicable constitutional standards. First, Martin has no constitutional right to be housed in any particular jail or under any particular set of security restrictions. Inmates have no protected liberty interest in being housed in any particular prison or in a prison with less restrictive conditions. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Martin fails to state facts indicating that the conditions in the segregation unit pose an "atypical and significant hardship [on him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); Gibbs v. Grimmette, 254 F.3d 545, 548 n. 1 (5th Cir.2001) (applying Sandin to the due process claim of a pretrial detainee). Therefore, Martin's complaints about being in segregation do not state any claim of constitutional significance.

Second, Martin's complaints about mail delay, limitations on telephone calls to his family and his attorney, and denial of recreation on one occasion do not present any constitutional claim against anyone. Martin fails to show how these alleged adverse conditions have caused him any significant injury, either to his person or his litigation efforts. Thus, these restrictions on his privileges are not actionable under § 1983. See Strickler v. Waters, 989 F.2d 1375, 1381, 1383 (4th Cir. 1993). Moreover, the court can conceive of legitimate penological purposes for limiting inmates' out-of-cell privileges, such as telephone calls and recreation, in units where security needs are greater than those of the general population. See Turner v. Safley, 482 U.S. 78, 89 (1987) (finding that when prison regulation impinges on inmates' constitutional rights, regulation is valid if it is reasonably related to legitimate penological interest).

Third, Martin's allegations of verbal abuse by jail officials, without more, do not state any constitutional claim. Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing

4

Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). The constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Even if an official's verbal threat causes an inmate fear or emotional anxiety, mere words alone do not constitute an invasion of any identified liberty interest. Id.; Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (finding that verbal threats causing plaintiff to fear for his life do not infringe any constitutional right).

Finally, Martin cannot proceed on his claim that sheriff's office personnel violated his wife's constitutional rights. See Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir.1981) (holding a prisoner proceeding pro se may only seek to enforce his own rights); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977) (to state civil rights claim, plaintiff must allege facts demonstrating that he himself has sustained, or will sustained, deprivation of right, privilege or immunity secured by the constitution or federal law). See also Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972) (a litigant "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others").

For the reasons stated, the court dismisses Martin's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state any actionable claim under § 1983. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 8th day of October, 2013.

*/s/ James C. Turk*
Senior United States District Judge